UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:21-CV-24051- LENARD/LOUIS

MANUEL RODRIGUEZ FERRER,

    Plaintiff,

v.

ATLAS PILES, LLC, HAMMER TIME
BUILDERS INC., CARBAJAL
INVESTMENTS 1, INC., AC REAL ESTATE
INVESTMENTS INC, REINALDO AQUIT,
AND ALBERTO CARBAJAL,

    Defendant(s).

_____/

**ATLAS PILES, LLC AND REINALDO AQUIT'S**
**ANSWER AND AFFIRMATIVE DFENSES**

Defendants, ATLAS PILES, LLC and REINALDO AQUIT (collectively, the "Defendant"), by and through their undersigned counsel, files their Answer and Affirmative Defenses to Plaintiff's Complaint [ECF 1] and states as follows:

**PARTIES, JURISDICTION AND VENUE**

1.    Defendant is without knowledge.

2.    Admitted.

3.    Defendant is without knowledge.

4.    Defendant is without knowledge.

5.    Admitted.

6.    Defendant is without knowledge.

7.    Denied.

8. Denied.

9. Denied.

10. Denied.

## COUNT I – FLSA OVERTIME WAGE VIOLATIONS(S)

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Admitted.

21. Defendant is without knowledge.

22. Denied.

23. Admitted that Defendant employed the Plaintiff, but denies the remaining allegations.

24. Defendant is without knowledge.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

## COUNT II – VIOLATION(S) OF 26 U.S.C. § 7434 FOR 2019
## AGAINST ATLAS PILES, LLC AND REINALDO AQUIT

31. Defendant admits Plaintiff worked for Defendant in 2019, but states it was only during November and December of 2019.

32. Admitted.

33. Admitted.

34. Denied..

35. Denied.

36. Denied.

37. Admitted.

## COUNT III – VIOLATION(S) OF 26 U.S.C. § 7434 FOR 2020
## AGAINST ATLAS PILES, LLC AND REINALDO AQUIT

38. Admitted.

39. Admitted.

40. Admitted.

41. Denied.

42. Denied.

43. Denied.

44. Admitted.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1. At all times, Defendant acted in good faith and had reasonable grounds for believing its actions were in compliance with the FLSA.

### Second Affirmative Defense

2. Defendant asserts that Plaintiff's actions are barred or at least partially barred by the applicable statute of limitations.

### Third Affirmative Defense

3. Defendant asserts that any alleged violations on its part of any federal law were not intentional or willful.

### Fourth Affirmative Defense

4. Defendant invokes the defenses, protections and limitations of the Fair Labor Standards Act, 29 U.S.C. §201 et. seq. ("FLSA").

### Fifth Affirmative Defense

5. This action is barred to the extent that Plaintiff seeks recovery for time that is not compensable time, i.e. "hours worked" under the FLSA.

### Sixth Affirmative Defense

6. Plaintiff has failed to mitigate his alleged damages.

### Seventh Affirmative Defense

7. To the extent Plaintiff seeks damages not recoverable under the FLSA, Plaintiff is barred from such recovery.

### Eighth Affirmative Defense

8. To the extent that the time for which Plaintiff seek compensation is de minimus, he is not entitled to recovery.

### Ninth Affirmative Defense

9. Any claim for liquidated damages under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 216, is barred under the Portal to Portal Act of 1947, as amended, 29 U.S.C. § 260, as

Defendants were at all times acting in good faith and had reasonable grounds for believing that their actions were not in violation of the Fair Labor Standards Act.

### Tenth Affirmative Defense

10.     To the extent to which the time for which Plaintiff allegedly seeks compensation is not compensable working time under the Fair Labor Standards Act, as amended, by the Portal to Portal Act of 1947, 29 U.S.C. §) 254, he is not entitled to recovery.

### Eleventh Affirmative Defense

11.     Plaintiff has failed to allege facts sufficient to state a claim for which relief may be granted.

### Twelfth Affirmative Defense

12.     Any claim for overtime liability and liquidated damages is barred under the Portal-to-Portal Act of 1947, as amended, 29 U.S.C. § 259, as Defendants were at all times acting in good faith in conformity with and in reliance on written administrative regulations, orders, rulings and interpretations of the Administrator of the Wage and Hour Division of the U.S. Department of Labor.

### Thirteenth Affirmative Defense

13.     Defendant reserves the right to assert further affirmative defenses and/or counterclaims against Plaintiff and/or against some or all of the individuals they purport to represent that may appear and prove applicable as this case proceeds.

### RESERVATION OF RIGHTS

Defendant hereby gives notice that it intends to rely on such other defenses and affirmative defenses as might become available or apparent during the course of discovery, and thus, Defendant reserves the right to amend this Answer and serve such defenses and otherwise supplement the foregoing Affirmative Defenses.

Dated this 8th day of February 2022

**Respectfully submitted,**

**DJEBELLI TORRES PLLC**

/s/ Vanessa D. Torres
Vanessa D. Torres, Esquire
Florida Bar Number 93113
2100 Coral Way, PH 701
Coral Gables, Florida 33145
Office (305) 661-3908
Facsimile (305) 647-6026
Service email:   service@dtlawfl.com
Email:            vanessa@dtlawfl.com
*Attorney for Defendants Atlas Piles, LLC and Reinaldo Aquit*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by electronic email on February 8, 2022 all counsel or parties of record on the Service List below.

/s/ Vanessa D. Torres
Vanessa D. Torres

## **SERVICE LIST**

MANUEL RODRIGUEZ FERRER
C/O BRIAN H. POLLOCK, ESQ.
135 SAN LORENZO AVENUE
SUITE 770
CORAL GABLES, FLORIDA 33146
EMAIL: BRIAN@FAIRLAWATTORNEY.COM